## Commonwealth v. Evans

*David J. Brightbill,* Assistant District Attorney, for Commonwealth.

*Robert C. Rowe,* of *Spitler, Rowe, Silberman & Kilgore,* for defendant.

GATES, P. J., June 26, 1972.—In order to effect an inexpensive disposition of this case, we shall ignore the procedural irregularities in bringing this case to our attention. The Commonwealth agrees with our position.

On January 6, 1972, defendant was employed by Union Township and was driving a cinder truck owned by that township. The truck he was driving was not equipped with rear wheel flaps or shields contrary to the provisions of section 830 of the Pennsylvania Vehicle Code, 75 PS §830. He was arrested and subsequently found guilty.

It is defendant's position that he should not have been found guilty (1) because the vehicle owned by Union Township is not a commercial vehicle within the meaning of the Pennsylvania Vehicle Code; (2) that the proper person to be charged would be the owner of the vehicle and not the operator; (3) because the vehicle was being used for the purpose of spreading cinders on the highway for the Township of Union which use precludes the use of mud flaps.

Section 830 provides, in pertinent part:

"Every commercial motor vehicle . . . when used on a highway, shall be so constructed or equipped as to bar water or other road surface substances thrown from the rear wheels of such vehicle . . .

"Any person violating any of the provisions of this section, shall, upon summary conviction before a magistrate, be sentenced to pay a fine of ten dollars

("$10.00") and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than five (5) days."

A commercial motor vehicle is defined in section 102 of The Vehicle Code as "Any motor vehicle designed for carrying freight or merchandise . . ." There are a number of exceptions set forth in the code. However, no exception is applicable to this case. A truck that is being used for spreading cinders obviously is designed to carry freight or merchandise and, therefore, is a commercial motor vehicle under the provisions of The Vehicle Code. Consequently, it is required to be equipped with rear wheel flaps or shields.

By torturing logic, defendant would ask us to create an exception in the case of vehicles owned by municipalities and being used ostensibly for safety purposes, such as cindering highways in bad weather. Clearly, this would be legislating and not interpreting. If I were a legislator, I would be hesitant to vote for such an exception. The obvious purpose of the requirement is to prevent large trucks from discharging road surface substances from the rear wheels of a vehicle effectively blinding any vehicle to its rear. When weather conditions are such as to require cindering of highways, you have the hazardous condition sought to be avoided by the requirement of rear wheel flaps. Furthermore, the cindering of the highways is the responsibility of the municipalities, and it is done either with their equipment or with an independent contractor employed by the municipality for that purpose. If we were to carve an exception as suggested by defendant, we would be creating an extremely hazardous condition throughout the Commonwealth, and we would be defeating the safety aspects of this equipment requirement.

Defendant next argues that the owner of the vehicle is the proper person to be charged and not the operator. This contention offends a plain reading of section 830. The violator is any person using a commercial vehicle on a highway without rear wheel flaps or shields. Defendant was using the highway while driving a commercial vehicle which was not properly equipped. He is plainly guilty.

If the legislature wished to extend or limit the scope and effect of the equipment regulations, it could have easily done so. The legislators did not lack the ability to articulate their intentions. For example, section 901 of The Vehicle Code expanded the scope of the regulations concerning size, weight and construction of vehicles. It provides that: "It shall be unlawful for any person to operate, or move, *or for the owner to cause or knowingly permit to be driven or moved* on any highway, any vehicle . . . of a size or weight exceeding the limitations provided in this act . . ." (Italics supplied.)

It would have been a simple matter for the legislature to limit the criminal liability for violating section 830 to the owner of the equipment. They did not do so. Rather, they imposed liability on any person using the highways with a commercial vehicle improperly equipped.

Defendant's final argument is patently fallacious. He contends that there is no violation when the vehicle is being used by a township for the purpose of cindering the highway where defendant is employed by a township and is operating the vehicle under instructions from his employer. The Pennsylvania Vehicle Code is a compilation of rules and regulations which have as the pole star one important purpose, namely, highway safety. It does not exempt municipally-owned vehicles from its scope and effect. The reason is obvi-

ous. A municipally-owned vehicle can be just as hazardous on the highway as any other commercial vehicle. It would be the height of folly to excuse the operator of a vehicle from a plain violation of the code, merely because he is operating a municipally-owned vehicle and doing something for his municipal employer. While we are here dealing with rear wheel flaps or shields, the same principles apply to the lighting requirements, brakes, horns and warning devices, mirrors, windshields, etc. If we were persuaded to follow defendant's contention, we would be countenancing the driving of a municipally-owned vehicle on the highway without lights, brakes, horns or mirrors. We do not believe that defendant really wants us to do this. Therefore, we shall sustain his conviction.

## ORDER

And now, to wit, June 26, 1972, defendant's appeal is dismissed and his conviction is sustained.